## KIRKPATRICK, Ex'r, v. OSBORNE et al.

No. 22331.    Sept. 25, 1934.

Cress & Tebbe, for plaintiff in error.

H. A. Johnson and A. Duff Tillery, for defendant in error.

RILEY, C. J. This is an appeal from a judgment sustaining a demurrer to the petition of plaintiff and dismissing the action upon the election of plaintiff to stand upon the petition.

The petition, after allegations setting forth his appointment, etc., as executor of the will of Louie S. Osborne, deceased, in substance, alleged that Louie S. Osborne and H. L. Osborne were married in 1918. That during her lifetime said Louie S. Os-

borne had made advances to H. L. Osborne, her husband, defendant herein, in various sums aggregating $7,100, setting out specifically where deceased had obtained the money to make such advances; that prior to her marriage to H. L. Osborne, down to the date of her death, she was the owner in fee-simple of a certain quarter section of land in Noble county (describing it) ; that by the terms of her last will and testament, defendant H. L. Osborne was given a one-third interest in said land subject to an alleged lien in the sum of $7,100, advanced by deceased to her said husband in her lifetime, and that plaintiff in his individual capacity and his brother, Alva Kirkpatrick, are the residuary legatees, devisees, and beneficiaries entitled to share equally in the $7,100, for which, by the terms of the will, a lien was impressed against the one-third interest in said land devised to defendant H. L. Osborne, subject, however, to whatever right defendant H. L. Osborne may have to use and occupy said premises by virtue of his being the surviving spouse of deceased. It is then alleged that since the death of Louie S. Osborne, said H. L. Osborne had remarried, and that his present wife, also made a defendant therein, claims some interest in the land, the nature of which is unknown to plaintiff, but that such interest, if any she has, is junior and inferior to the rights of plaintiff and his brother in said land, and junior and inferior to the lien claimed on the interest of defendant H. L. Osborne for the said sum of $7,100. A copy of the will and a copy of the order admitting same to probate were attached to the petition and made a part thereof.

The prayer was for an order and decree declaring that by the will a charge and lien was made upon the interest of said H. L. Osborne in and to said premises, subject to whatever right he might have to use and occupy the premises as the surviving spouse of deceased, and for an order and decree foreclosing such lien, and that the interest of said H. L. Osborne be sold subject to any right said H. L. Osborne might have to use and occupy said premises as the surviving spouse of said deceased, and for such other relief as may be just and equitable.

The will provides:

"I, Louie S. Osborne, being of sound memory and mind, do make and publish this as my last will and testament, hereby revoking any and all former wills by me made.

"1. I desire all my just debts paid.

"Second: Whereas I have made advances to my husband, H. L. Osborne as follows: $1,500, out of property. I sold in Billings, Okla., $500 and $800 out of oil dividends I received from the Humphries Petroleum Co. And $100 out of money I received from wheat and other crops and $3,300 I received from lease on my place from the Champlin Refining Co. I desire all of said advancements and payments deducted from his share in the total sum of $7,100.

"Third: To my husband H. L. Osborne, I give and bequeath 1/3 one-third of my property but charge the same with said $7,100 heretofore advanced as provided in the second provision of my will and will that the said H. L. Osborne receive said third less said $7,100, and in the event said 1/3 exceeds in value said amount of $7,100, that he receive from my estate only said excess.

"Fourth: Subject to the above bequests of all the residue of my property I will and bequeath the same to my beloved sons Alva B. Kirkpatrick and Faye E. Kirkpatrick, share and share alike. I hereby appoint my sons Faye F. Kirkpatrck and Alva B. Kirkpatrick executors of this my last will without bond."

Defendant demurred upon five grounds:

(1) The petition fails to state facts sufficient to constitute a cause of action.

(2) That the court is without jurisdiction in that the county court of Noble county has exclusive jurisdiction.

(3) That several alleged causes of action are improperly joined.

(4) That the petition shows upon its face that the alleged cause of action is based upon several alleged advancements by deceased to her spouse.

(5) That the petition shows upon its face that this action is based upon the will of Louie Osborne, deceased, the probate of which is now pending and undecided in the county court of Noble county.

The demurrer was sustained generally, and plaintiff declining to plead further, the action was dismissed, and plaintiff appeals.

The specifications of error are: (1) That the court erred in sustaining the demurrer; (2) that the decision of the court and judgment rendered are contrary to law.

If any one of the grounds of the demurrer be good, there was no error in sustaining the demurrer; the decision and judgment would not be contrary to law.

The petition fails to state, except by vague inference, whether or not the land described therein was the homestead, and if so, whether or not it has been set aside to the surviving husband as such. It seems to be conceded by both parties in their briefs that said land was the homestead of Louie S. Osborne and her husband. The petition also fails to state whether or not there was other property belonging to the estate out of which the alleged advances might be paid, if properly chargeable against the one-third of the estate devised to the husband.

Although the land in question may have been the homestead of decedent and her husband, the county court would have exclusive jurisdiction to determine the question of advancement.

Section 1374, O. S. 1931, provides:

"All questions as to advancements made or alleged to have been made by the decedent to his heirs may be heard and determined by the county court, and must be specified in the decree assigning and distributing the estate, and the final judgment or decree of the county court, or in case of appeal to the district court or Supreme Court, is binding on all parties interested in the estate."

It follows that the question of advancements must first be settled as provided in section 1374, supra, and this proceeding must originate in the county court. The district court may acquire jurisdiction only by appeal.

It is suggested by defendant in error that under section 1627, relating to descent and distribution, advancements are chargeable only to a child or other lineal descendant; and in no event can they be made chargeable to a husband or wife. The district court not having jurisdiction of this action, this question is not properly here for determination, but will be left for decision when properly brought here by appeal from county court to district court and from that court to this one.

The judgment is affirmed upon the sole ground that the district court is without jurisdiction.

SWINDALL, OSBORN, BAYLESS, and WELCH, JJ., concur.